**IT IS ORDERED as set forth below:**



Date: June 17, 2022

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 21-57646-WLH |
| KAREN ANNE MITCHELL-SMITH, | CHAPTER 13 |
| Debtor, | |

**ORDER ON MOTIONS FOR SANCTIONS**

**THIS MATTER** is before the Court on several motions to compel and motions for sanctions filed by the Debtor seeking the return of 36 cats.

**Facts and Procedural History**

Debtor is an avid cat lover and had 36 cats, including several with special needs and health issues. In 2021, Henry County Animal Control Office ("HCAC") took possession of the 36 cats in accordance with state and county ordinances. HCAC then initiated an action in July 2021 against the Debtor, and her son (John Vogel), in the Superior Court of Henry County seeking costs

1

associated with impounding and caring for 36 cats.

Debtor filed for relief under Chapter 13 of the Bankruptcy Code on October 1, 2021. Debtor listed the 36 cats as her property on Schedule B with a value of $4,500, and she exempted the 36 cats on Schedule C pursuant to O.C.G.A. § 44-33-100(a)(4).

On November 1, 2021, HCAC filed a Motion for Relief from Stay (Doc. No. 28), to dispose of the cats as authorized by law. (HCAC stated it was not attempting to collect the costs associated with impounding and caring for the cats.) Debtor responded in opposition to HCAC's Motion for Relief from Stay (Doc. No. 34), contending the cats were property of the bankruptcy estate and should be returned to her. Debtor also filed a Motion for Sanctions Against HCAC and its Counsel for Violations of the Automatic Stay (Doc. No. 36), seeking custody of the cats in question, $134.13 in actual costs, and $8,000 in punitive damages. The Court held a hearing on the Motion for Relief from Stay and Debtor's response thereto on November 17, 2021, at which counsel for HCAC (Priya Patel) and the Debtor argued about whether Debtor in fact owned the cats. The Court scheduled an evidentiary hearing on the matter for December 1, 2021, which was reset to January 5, 2022. The Court did not hold an evidentiary hearing on the matter as Debtor requested her case be converted to one under Chapter 7 (Doc. No. 50).

Debtor's case was converted from Chapter 13 to Chapter 7 on January 6, 2022. Edwin K. Palmer was appointed as the Chapter 7 Trustee. On April 8, 2022, the Chapter 7 Trustee filed a Notice of Proposed Abandonment (Doc. No. 65), giving notice in accordance with Fed. R. Bankr. P. 6007 that he proposed to abandon the 36 cats. The notice provided an opportunity to object and stated that if no written objections were filed within 15 days, the cats would be deemed abandoned without further hearing or order of the Court. No objections were filed and, accordingly, the 36 cats were deemed abandoned.

Debtor then filed a series of motions to compel the return of the cats:

- On May 11, 2022, Debtor filed a second Motion for Sanctions (Doc. No. 77) against HCAC, its director, and its counsel (both its former counsel, Ms. Patel and her firm (Jarrard & Davis, LLP), and its current counsel, Daniel Delnero and his firm (Squire Patton Boggs (US) LLP)), seeking $226.34 in actual costs, $180,000 in punitive damages, and possession of the cats.

- On May 20, 2022, Debtor filed a third Motion to Compel (Doc. No. 78) against HCAC, its director, and its counsel seeking the return of the cats and a fine of $50 per day per cat.

- On June 2, 2022, Debtor filed a Motion to Compel (Doc. No. 79) against Halfway Home Rescue, Inc., Its Employees, Its Officers, and/or Its Counsel seeking the return of the cats and a fine of $50 per day per cat.

- On June 2, 2022, Debtor filed a fourth Motion to Compel (Doc. No. 80) against HCAC, its director, and its counsel seeking an order compelling the return of the cats and preventing further transfers of the cats and a fine of $50 per day per cat.

- Finally, on June 6, 2022, Debtor filed a Motion to Compel (Doc. No. 82) against Mew Haven Cat Café, Officers, Employees, and/or Agents seeking to compel the return of the cats and barring further disposal of the cats, $86.93 in court costs, $5,000 per cat in compensatory damages, and $15,000 per cat in punitive damages.

On June 16, 2022, the Court held a scheduled hearing on the motions to compel filed at Docs. Nos. 78, 79, and 80. Debtor, Mr. Vogel, counsel for HCAC (Mr. Delnero), and counsel for the Chapter 7 Trustee (Russell Patterson) appeared by video.

**Discussion**

Debtor argues that the cats are property of the estate and therefore protected by the automatic stay. The Court had previously scheduled a hearing to determine if the cats were property of the Debtor's estate, but the hearing was cancelled by the parties when Debtor converted her case. The Court, therefore, has not heard evidence or made any determination as to whether the cats were property of the estate. Assuming they were property of the estate, though, the Court concludes the disposal of the cats is not protected by the automatic stay.

Section 362 of the Bankruptcy Code provides for an automatic stay, applicable to all entities, of the commencement of certain judicial proceedings against the debtor. 11 U.S.C. § 362(a). However, section 362(b)(4) provides that the filing of a bankruptcy petition does **not** operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power[.]" 11 U.S.C.A. § 362(b)(4).

Several courts have held that the commencement of an action against a debtor to seize and dispose of animals falls within this exception to the automatic stay. See e.g., Speer v. Connecticut Dep't of Agric., 2019 WL 2432092, at *1 (Conn. Super. Ct. May 6, 2019) (administrative proceeding relating to disposal orders for 2 dogs excepted from the automatic stay because it fell within the "police and regulatory power" exception to the automatic stay under 11 U.S.C. § 362(b)(4)); In re B & I Realty Co., Inc., 158 B.R. 220, 223 (Bankr. W.D. Wash. 1993) (noting that the Secretary of Interior, who had the authority to enforce the Endangered Species Act, was not (by virtue of § 362(b)(4)) stayed from seeking to liberate a gorilla); c.f. Rossi v. Mohawk & Hudson River Humane Soc., 2009 WL 960204, at *1 (N.D.N.Y. Apr. 7, 2009) (automatic stay did not apply to seizure of 23 cats from the debtor).

Here, HCAC was acting pursuant to its police and regulatory powers, under applicable county and state law, when it seized and disposed of the cats. It has not sought any monetary relief from the Debtor since she filed bankruptcy. Accordingly, HCAC's actions were excepted from the automatic stay pursuant to section 362(b)(4), and HCAC did not violate the stay by transferring the cats to different facilities.

Further, the Court does not have jurisdiction to entertain the relief Debtor seeks. Once the Chapter 7 Trustee abandoned the cats, they were no longer part of the bankruptcy estate. Debtor argued that abandonment resulted in her ownership of the cats, but that is incorrect. Abandonment is an act of jurisdictional significance that removes the abandoned property from the bankruptcy court's exclusive *in rem* jurisdiction. 28 U.S.C. § 1334(e); In re Nyamusevya, 2021 WL 193965, *6 (B.A.P. 6th Cir. Jan. 20, 2021). Abandonment does not transfer ownership or title of the abandoned property; it simply abandons the estate's interest in it. The abandoned property revests in the parties with claims to it as if it had never been held by the Trustee, subject to existing claims and liens. In re Haber, 547 B.R. 252, 259 (Bankr. S.D. Ohio 2016), aff'd, 2017 WL 1017731 (S.D. Ohio Mar. 16, 2017). Such abandonment ends the court's jurisdiction to determine disputes concerning that property, unless the result of the dispute could have some effect on the bankruptcy case. In re Xonics, Inc., 813 F.2d 127 (7th Cir. 1987). The resolution of this dispute will not affect the Debtor's Chapter 7 bankruptcy case and, accordingly, the Court lacks jurisdiction to determine the ownership of the cats, direct their return, or order the additional relief requested by the Debtor. The Debtor may seek relief in an appropriate forum.

The relief Debtor seeks against Halfway Home Rescue and Mew Haven is also denied for the same reasons outlined above with respect to HCAC. The Court lacks jurisdiction over the cats in question, and the actions of HCAC in transferring the cats did not violate the automatic stay, so

5

the transferees' further acts likewise did not violate the stay. Moreover, neither entity has a claim in this bankruptcy case, and no actions are alleged to have been taken by them to collect a debt.

Accordingly, for the reasons stated above and on the record at the hearing on June 16, 2022, which the Court reserves the right to supplement,

**IT IS ORDERED** that the Motions to Compel (Docs. Nos. 36, 77, 78, 79, 80, & 82) are **DENIED.**

## END OF DOCUMENT

**Distribution List**

**Karen Anne Mitchell-Smith**
P.O. Box 1151
1740 Hudson Bridge Road
Stockbridge, GA 30281

**Daniel L. Delnero**
Squire Patton Boggs (US) LLP
1201 W. Peachtree Street, NW, Suite 3150
Atlanta, Georgia 30309

**Priya M. Patel**
Jarrard & Davis, LLP
222 Webb Street
Cumming, Georgia 30040

**W. Russell Patterson**
Ragsdale Beals Seigler Patterson & Gray
229 Peachtree St., N.E.
Suite 2400
Atlanta, GA 30303-1629

**Edwin K. Palmer**
P.O. Box 1284
Decatur, GA 30031

**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303